# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| CONNIE H., | : | Case No. 3:23-cv-00046 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This matter comes before the Court upon Plaintiff's Motion for Award of Attorney Fees (Doc. No. 17), which seeks an award of fees in the amount of $11,697.00 pursuant to 42 U.S.C. § 406(b)(1). The Commissioner neither supports nor opposes the Motion.

**I.      BACKGROUND**

Previously in this Social Security appeal, the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. (Doc. No. 13, PageID# 1105.) On remand, Plaintiff was awarded benefits. (Doc. No. 17-3, PageID# 1125-29.)

Upon the parties' joint motion (Doc. No. 15), the Court previously awarded attorneys' fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142(d), in the amount of $5,365.00. (Doc. No. 16.) The Commissioner subsequently withheld 25 percent of Plaintiff's past due benefits, or $11,697.00, for

application toward a contingent fee award. (Doc. No. 17-3, PageID# 1127.) Plaintiff's counsel now seeks a contingency fee award under 42 U.S.C. § 406(b)(1) in the amount of $11,697.00. (Doc. No. 17.)

## II. APPLICABLE LAW

If a Social Security claimant obtains benefits after filing an appeal in this Court, then her counsel may ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U.S.C. § 406(b)(1). The fee award may not exceed 25% of the past-due benefits, *id.*, and it must only compensate counsel for work performed in the federal court proceeding. *Horenstein v. Secretary of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). The Commissioner routinely withholds 25% of a claimant's past-due benefits to pay for such a fee award. *See* 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner … may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.").

However, even if a claimant agrees to pay her counsel a contingency fee award in the amount of 25% of past-due benefits, that amount is not automatically awarded. Instead, Plaintiff's counsel must show, and the Court must find, that the requested fee award is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (noting the Social Security Act "does not displace contingen[cy]-fee agreements" but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Therefore, a request for a contingency fee award in the amount of 25% of past-due benefits "is not to be viewed as *per se*

reasonable," but instead shall be given "the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

To assist the Court with assessing the reasonableness of a request for attorney's fees, counsel should submit a record of hours worked and a statement of his normal hourly billing rate for noncontingent-fee cases (if any). *Gisbrecht*, 535 U.S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). But even fee awards that reflect above-average hourly rates may be reasonable:

> It is not at all unusual for contingent fees to translate into large hourly rates …. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). Thus, the rule in the Sixth Circuit is that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Notably, "a high effective hourly rate cannot **on its own** justify reducing a fee award—district courts must provide additional reasoning." *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (emphasis in original). Therefore, in addition to "consider[ing] the effective hourly rate in weighing reasonableness," *id*., the Court will consider whether the requested fee should be reduced for other reasons. For example, there may be evidence that counsel acted improperly or would receive a windfall due to

3

the discrepancy between relatively few hours worked and a sizeable award of past-due benefits. *Gisbrecht*, 535 U.S. at 808; *Rodriquez*, 865 F.2d at 746. The Court will consider the complexity and difficulty of the case, the results achieved, and whether any remand to the Commissioner was the result of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. Finally, the Court will consider this guidance from the Sixth Circuit:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

After determining the amount of a reasonable contingency fee award under the Social Security Act, 42 U.S.C. § 406(b)(1), the Court will order counsel to refund to Plaintiff all fees previously awarded under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

## III.   ANALYSIS OF PLAINTIFF'S MOTION

As instructed by *Gisbrecht* and *Rodriquez*, the Court begins its analysis with the text of the contingency fee agreement. It provides, in relevant part:

> I hereby employ Lisa S. Hollifield, Esq., as my attorney to represent me on my appeal of my claim(s) for Social Security Disability insurance benefits and/or Supplemental Security Income benefits to Federal Court and on remand of this if the Federal Court remands the case. In turn, I agree to pay

> her a contingent fee of 25% of the past-due benefits awarded to me and my family if this attorney obtains any benefits on the appeal to the Federal Court or on remand of the case to the Administrative Law Judge by the Federal Court.
>
> The Federal Court may award fees to this attorney under the Equal Access to the Justice Act, 28 U.S.C. Section 2412(d). These fees serve as a credit towards any attorney fee which I must pay this attorney for the work she does on my case before the Federal Court and thus m[a]y reduce the attorney fee which I must pay to this attorney for the work she does on my case *in the Federal Court only*. In return for this, I give this attorney the full power of attorney to execute any check for attorney fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412(d), which is made out in my name for her attorney fee under the Act.

(Doc. No. 17-2, PageID# 1124.) "Contingent-fee contracts … [at] the 25 percent ceiling … are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Although this Court "is not bound to award recovery according to the stated [25% fee] agreement," the Court "should give close attention" to the agreement and treat it as a rebuttable presumption. *Rodriquez*, 865 F.2d at 746.

Plaintiff's counsel submitted documentation that shows she worked 29 hours on the case filed in federal court. (Doc. No. 17-4.) The $11,697.00 fee that Plaintiff's counsel now seeks, divided by the number of hours spent working on the case, results in a hypothetical hourly rate of $403.34. Counsel also submitted an affidavit that details her background and experience. (Doc. No. 17-1, PageID# 1122-23.)

After reviewing the materials submitted by counsel, the Court concludes that the hypothetical hourly rate of $403.34 is reasonable for the work performed in this case, and that the requested fee award of $11,697.00 is also reasonable.

First, as noted above, there is a rebuttable presumption that a 25% contingency fee agreement is reasonable. Plaintiff's counsel is seeking that percentage and the Court is unaware of any evidence that rebuts the presumption.

Second, the hypothetical attorney hourly rate is more than reasonable in light of the skill and experience of Plaintiff's counsel.

Third, counsel's hypothetical hourly rate of $403.34 is below the range of fees that judges in this district have found reasonable. *See Twyla D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 U.S. Dist. LEXIS 40825, at *4 (S.D. Ohio Mar. 6, 2025) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $728.60 to attorney Michael Rake); *Jay V.N.I. v. Comm'r of Soc. Sec.*, No. 3:20-cv-365, 2024 U.S. Dist. LEXIS 98031, at *4 (S.D. Ohio June 3, 2024) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $814.74 to attorney Richard Brian); *Martha G. v. Comm'r of Soc. Sec.*, No. 1:19-cv-936, 2023 U.S. Dist. LEXIS 63838, at *6-7 (S.D. Ohio Apr. 11, 2023) (Bowman, MJ) (awarding hypothetical attorney hourly rate of $869.56 to attorney Edward Ahlers), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 77738 (S.D. Ohio, May 3, 2023) (Barrett, DJ).

Fourth, after reviewing the submitted billing record, the Court finds no indication that the time expended by Plaintiff's counsel was excessive or improperly charged, particularly given that the Statement of Specific Errors raised four separate issues. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, MJ), *report and recommendation adopted*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (Rice, DJ) ("Without establishing a firm, bright line rule, the Court surveyed a

6

large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours.")

Fifth, the Court has reviewed the proceedings in this case to assess their complexity and difficulty, the results achieved, and whether the case was remanded to the Commissioner because of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. The docket shows that Plaintiff's counsel filed a thorough Statement of Specific Errors that raised four issues (Doc. No. 10, PageID# 1026) and led to the Court's decision to reverse and remand the Commissioner's unfavorable decision. Plaintiff's counsel achieved excellent results in an economical fashion and there is no basis to reduce the attorney's fees requested in this case.

Sixth, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the undersigned finds that an award of $11,697.00 in this case is reasonable.

Finally, counsel represents that the EAJA fee amount that was previously awarded will be refunded to Plaintiff to prevent a double recovery of fees. (Doc. No. 17.)

## IV.     CONCLUSION

Upon review of Plaintiff's Motion and the supporting evidence, as well as the relevant legal authority, the Court finds that the requested fee award is reasonable. Accordingly, the Court **ORDERS** as follows:

1. The Motion for Award of Attorney Fees (Doc. No. 17) is **GRANTED**.

      2.      Plaintiff's counsel is **AWARDED** attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $11,697.00. The Commissioner shall **REMIT** this sum to Plaintiff's counsel from the percentage of Plaintiff's past-due benefits that was withheld.

      3.      Plaintiff's counsel shall **REMIT** to Plaintiff, within fourteen (14) days of her receipt of this attorney's fee award, the prior EAJA award of $5,365.00.

      4.      This case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:  January 12, 2026                      */s/ Caroline H. Gentry*
                                                              Caroline H. Gentry
                                                               UNITED STATES MAGISTRATE JUDGE